UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SHONAYE GREEN,**

    **Plaintiff,**

v.                                                        Case No. 8:21-cv-2484-MSS-AAS

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**
_____/

## ORDER

On April 4, 2022, the Commissioner filed the Social Security Transcript. (Doc. 11). On April 5, 2022, the court set the briefing schedule for the parties' memorandums with the following dates: Ms. Shonaye Green's memo due to the Commissioner by May 20, 2022; and the Commissioner's memo due to Ms. Green by July 5, 2022; Ms. Green's optional reply due July 19, 2022. (Doc. 13). On June 1st, 2022, this court extended those deadlines to, respectively, July 22, 2022, August 19, 2022, and September 2022. (Doc. 15). The court also ordered the Commissioner to confer with Ms. Green and provide Ms. Green with any as-yet-unproduced medical evidence. (*Id.*).

Ms. Green requested a further extension of these deadlines and moved to compel several documents, including medical records dating back to 2002.

1

(Docs. 16, 17). The undersigned ordered the Commissioner to respond to Ms. Green's motions by August 4, 2022. (Doc. 18). The Commissioner responded in opposition, arguing the documents Ms. Green seeks either already exist in the record or are unnecessary for this court to adjudicate Ms. Green's appeal of the ALJ decision. (Doc. 21).

Ms. Green moves to compel the production of the following documents: 1) her 2002 and 2003 Social Security disability applications, 2) medical documentation from Lakeland Regional Medical Center, 3) medical documentation from Dr. Charles Walker, 4) a 2006 Social Security disability award letter; 5) a 2006 Social Security disability application, 6) a 2007 Social Security disability application, 7) the balance of her social security account, 8) information on how to acquire "needs and paydebts", 9) a 2021 Social Security disability award letter, and 10) an "offer Orlando ALF." (Doc. 16).

The nature of this court's review of the ALJ's disability determination on appeal (as with all merit-based reviews of final agency decisions) is merely to consider whether the ALJ's decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1238—1240 (11th Cir. 1983). Substantial evidence "is a 'term of art' in administrative law that describes how 'an administrative record is to be judged by a reviewing court.'" *T-Mobile South, LLC v. Roswell*, 135 S.Ct. 808, 815 (2015).

"[D]iscovery is not usually allowed in social security cases because

2

judicial review under 42 U.S.C. § 405(g) is limited to a closed administrative record to which neither party may add evidence before the district court." *Thao v. Berryhill*, No. 17-cv-325-BBC, 2017 WL 4352089, at *1 (W.D. Wisc. Oct. 2, 2017). *See also Torres v. Comm'r of Soc. Sec.*, No. 1:19-cv-67-SAB, 2019 WL 2371622, at *1 (E.D. Cal. June 5, 2019) ("While Section 405 does not explicitly prohibit discovery in social security cases, the Court's review is generally limited to the administrative record"); *Barbera v. Commissioner of Social Security*, No. 17-cv-3862-PHX-ESW, 2018 WL 1940586, at *1 (D. Ariz. Apr. 25, 2018) (same); *Haseltine v. Astrue*, 668 F.Supp.2d 1232, 1233 (N.D. Cal. Oct. 29, 2009) ("extra-record discovery is not appropriate when the court's jurisdiction is to review the administrative record only").

Ms. Green's motion (Doc. 16) does not argue or otherwise establish the requested documentation was considered by the ALJ in evaluating Ms. Green's application but not included in the administrative record on appeal. To the contrary, Ms. Green's 2021 disability award letter appears to already be in the record on appeal. *See* (Tr. 764).

In a subsequent filing (Doc. 22), Ms. Green renews her motion to compel, raises separate allegations of retaliation by the Social Security Administration, and requests a jury trial and hearing to adjudicate her claims. These separate allegations and requests are beyond the scope of this court's narrow review of Ms. Green's appeal of the ALJ's decision. *See* 42 U.S.C. § 405.

Ms. Green has not established good cause for compelling the Commissioner to produce the requested documentation. Ms. Green's Motions to Compel (Doc. 16, 22) are therefore **DENIED**. Ms. Green's Motion for Extension of Time to File (Doc. 17) is **GRANTED in part**. The scheduling order is modified as follows:

1. Ms. Green must file her memorandum by **October 7, 2022**.

2. The Commissioner must file its memorandum by **November 4, 2022**.

3. If Ms. Green wishes to file a reply, she must do so by **December 2, 2022**.

**ORDERED** in Tampa, Florida on September 12, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge